IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge Laird T. Milburn

Civil Action No. 08-cv-01957-MSK-LTM

KEN W. VESTER,

    Plaintiff,

v.

ASSET ACCEPTANCE, LLC,

    Defendant.

---

REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE

---

This matter came before me on September 16, 2008 by order of reference from District Judge Marsha S. Krieger.

The Plaintiff Ken W. Vester, through his Attorney Paul Miller and pursuant to Fed.R.Civ.P. Rules 1 and 15, has moved to amend the complaint, demand a jury trial, and have the Court take judicial notice under the Federal Rule of Evidence 201.

For the reasons set forth below, I recommend that Plaintiff's Motion for Leave to Amend Complaint dated May 03, 2009 (docket # 76), and Plaintiff's Motion for Judicial Notice Under Federal Rule of Evidence 210 (docket #81) be **DENIED**.

## I.  PROCEDURAL HISTORY

On September 11, 2008 the Plaintiff Ken W. Vester filed a complaint against the Defendant Asset Acceptance, LLC pursuant to 15 U.S.C. § 1692.  The complaint alleges that the Defendant, acting as a collection agency, violated certain provisions of

the Fair Debt Collection Act, 15 U.S.C. § 1692b, 1692e, and 1692f.

On May 3, 2009 Plaintiff, through his attorney filed a Motion for Leave to Amend the Complaint to add two individuals (Law Offices of Irvin Borenstein and Brett P. Riley) as parties Defendants, and John or Jane Doe "1-1,294" as party Plaintiffs, and also demanded a jury trial.

On May 23, 2009 Plaintiff, through his attorney filed a Motion for Judicial Notice Under Federal Rule of Evidence 201 regarding three exhibits consisting of Rule 3.3 and 3.4 of the Colorado Rules of Professional Conduct (Exhibits Nos. 1 and 2), and a purported list of other civil cases involving the Defendant and the Fair Debt Collection Act (Exhibit No. 3).

On December 05, 2008 the Scheduling Order was entered that set forth a deadline of March 2, 2009 for joinder of parties and amendment of the pleadings.

I consider herein both Motions.

## II.   STANDARD REVIEW UNDER FED.R.CIV.P. RULE 15(2)

A party may amend its pleadings only with the opposing parties written consent or the Court's leave, which should be freely given when justice so requires.  Defendant has objected to Plaintiff's motion to amend and for a jury trial, and has also objected to Plaintiff's motion regarding judicial notice.

## III.   ANALYSIS

The basis for Plaintiff's motion for leave to amend the complaint by adding two parties Defendant, and 1,294 John or Jane Doe Plaintiffs appears to be solely based upon Defendant's admission on April 30, 2009 that "it does not have all of the

documents needed to establish a valid assignment", to wit: Two collection accounts referred to in the Complaint filed September 11, 2008 as the "Providian account" and the "Household account".  No explanation is provided in the motion that provides a legitimate basis for amending the complaint to add the Law Offices of Irvin Borenstein and Brett P. Riley as additional parties Defendant, or to expand the number of Plaintiffs in this case.  It is apparent that both Borenstein and Riley were known to Plaintiff when his original complaint was filed and are in fact mentioned therein as agents of the Defendant.  Furthermore, the proposed amended complaint contains allegations of fact that were known, or should have been known, by Plaintiff when the Complaint was filed.  Plaintiff has waited until after the close of discovery and eight months after he filed the original complaint to seek leave to add claims and parties to this case.  Plaintiff has offered no legitimate justification for the delay in adding parties which involve the same set of facts that Plaintiff has alleged from the beginning of this case.  Amending the complaint at this stage to add additional parties and claims would be unfairly prejudicial to Defendant at this stage of the litigation.  Finally, in the original complaint, Plaintiff did not request a jury and has not requested a jury until filing his motion to amend the Complaint.  As set forth in the Scheduling Order, the case is scheduled for a four day trial to the Court.  Pursuant to Fed.R.Civ.P. Rule 38(b), a party may demand a jury trial by serving written demand "no later than 10 days after the last pleading directed to the issue is served." Defendant filed its response on October 14, 2008.  This is the first time Plaintiff has requested a jury trial.

With respect to Plaintiff's motion for judicial notice under federal rule of evidence

201, it is noted that Exhibit Nos. 1 and 2 are portions of the **COLORADO RULES OF PROFESSIONAL CONDUCT**, but are not relevant to any issue in this case because the **preamble, scope in terminology** of the **Colorado Rules of Professional Conduct** specifically state that a violation of a *(Rule of conduct) should not in and of itself give rise to a cause of action, nor should it create any presumption that a legal duty has been breached. The rules are designed to provide guidance to lawyers and provide a structure for regulating conduct through disciplinary agencies. They are not designed to a basis for civil liability.* (Exhibit Nos. 1 and 2)

Second, the request that the Court take judicial notice of Exhibit No. 3, a purported listing of other cases involving Asset Acceptance, LLC in the Fair Debt Collection Act is nothing more than 1) a hearsay document without authentication, and 2) a document that has no evidentiary value since what little information is provided thereon does not provide a basis for any legal conclusions regarding Defendants past litigation history, and is more likely than not inadmissable under C.R.E. 403 and 404.

## IV.  CONCLUSION

I respectfully **recommend** that Plaintiff's motions to amend the complaint, request a jury trial, and for judicial notice be **DENIED**.

**FURTHER, IT IS ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P.72(b), and also waives appellate review of both factual and legal questions.

*In re Key Energy Resources, Inc.* 230 F.3d 1197, 1199-1200 (10th Circuit 2000).  A party's objection to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

DATED:   June 10, 2009 at Grand Junction, Colorado.

BY THE COURT:

s/Laird T. Milburn

---

Laird T. Milburn
United States Magistrate Judge