IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-01957-MSK-LTM

KEN W. VESTER,

      Plaintiff,

v.

ASSET ACCEPTANCE, L.L.C.,

      Defendant.

**ORDER DENYING MOTION FOR NEW TRIAL OR TO ALTER/AMEND JUDGMENT**

**THIS MATTER** comes before the Court on Plaintiff's Motion Under F.R.Civ.P. Rule 59(a)(1)(b) and Rule 59(a)(2) (**#139**), to which Defendant responded (**#140**). Having considered the same, the Court **FINDS** and **CONCLUDES** the following.

**I.   Background**

Judgment entered in this case in favor of Defendant Asset Acceptance, LLC ("AA") following a two-day trial to the Court. At issue was whether AA had violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., when it initiated a collections lawsuit against Plaintiff Ken Vester in state court on two credit card accounts.

The Court issued an oral ruling on March 3, 2011. A threshold issue was whether the filing of an unfounded collections lawsuit would result in strict federal liability under the FDCPA. The Court, reviewing case law from other circuits, including *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324 (6th Cir. 2006), concluded that the Tenth Circuit would likely hold that a lawsuit based on a claim that is stale by virtue of the expiration of the applicable statute of

limitation (or invalid because the plaintiff collector had no standing to sue) could be actionable under the FDCPA.  Such a claim, however, would be subject to the collector's assertion of a *bona fide* error defense.

With respect to the merits of the case, the Court determined, *inter alia*, that AA had voluntarily dismissed the state court case and no legal determination had been made at the state court level regarding the statute of limitation.  The Court concluded that Mr. Vester failed to carry his burden of proof to establish that the claim was stale or time-barred at the time that AA initiated the state collections lawsuit.  The Court also concluded that Mr. Vester had failed to come forward with evidence sufficient to show that AA knew that the accounts were stale at the time the action was brought.  It was noted that the accounts were purchased as part of a portfolio to which representations were made as to the currency of the debt.  Accordingly, the Court held that even if the claims had been time-barred, AA would be able to establish by a preponderance of the evidence a defense of *bona fide* error.  Since Mr. Vester had failed to prove that AA had violated the FDCPA, judgment entered in favor of AA.

## II.  Analysis

Mr. Vester now moves for a new trial or, alternatively, to amend the judgment, pursuant to Fed. R. Civ. P. 59(a).  Under this rule, a court may grant a new trial on all or some of the issues determined in a nonjury trial "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court."  Fed. R. Civ. P. 59(a)(1)(B).  In addition, after a nonjury trial, a court may "open the judgment, if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment."  Fed. R. Civ. P. 59(a)(2).  A motion to alter or amend judgment under Rule 59 should

be granted only to correct manifest errors of law or to present newly discovered evidence. *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

As the moving party, Mr. Vester has the burden to demonstrate some error or other reason to justify granting him relief. Mr. Vester cites the issuance of a new decision from the Court of Appeals for the Ninth Circuit, *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939 (9th Cir. 2011). Mr. Vester argues that the *McCollough* case is an "intervening change in controlling law" which requires reexamination of the issues determined here.

Mr. Vester asserts five arguments to support his contention that *McCollough* is new controlling law bearing on the judgment entered here: (1) because the background of McCollough is similar to the facts presented here, *McCollough* mandates a different result here; (2) the decision in *McCollough* casts doubt on the validity of *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324 (6th Cir. 2006), one of the cases relied on by this Court in the resolution of Mr. Vester's claims; (3) *McCollough* established new law with respect to the evidentiary value of the credit card agreements provided by AA in the litigation here; (4) the Court should reconsider its determination that AA did not engage in any misrepresentation in the state court proceedings; and (5) Mr. Vester should be awarded damages in order to deter abusive debt collection practices. AA opposes the motion, arguing generally that *McCollough* and this case are materially dissimilar. AA also notes that the *McCollough* decision is not controlling law in this circuit and that it does not alter the legal analysis applied in the Court's ruling.

### A.     The McCollough Decision

*McCollough* involved a collections lawsuit initiated and maintained by a law firm on behalf of its client, a purchaser of bad debt portfolios. The contract between the law firm and the

client contained an express disclaimer of any warranties regarding the accuracy or validity of the data provided and put on the law firm responsibility to determine its legal and ethical ability to collect the accounts.  Early in the process, the law firm's screening procedures flagged a possible statute of limitation problem with the debtor's account.  The client informed the law firm that there had been a partial payment on June 30, 2004, which extended the statute of limitation; however, that information was incorrect and the event that had occurred on June 30, 2004 was actually the return of court costs to the client for a previously prepared collection complaint and summons.  It was determined that the law firm had information in its possession sufficient for it to determine that the June 30, 2004 event was not a partial payment and that it should not have relied on the client's representation.  The law firm thereafter filed a collection complaint against the debtor, who filed a *pro se* answer asserting a statute of limitation defense and also claiming that this was the third effort by the client to collect on the stale account.  The law firm nonetheless continued to prosecute the collections lawsuit before finally moving to dismiss the case with prejudice.

The debtor, then represented by counsel, filed a lawsuit in federal court against the law firm for violations of the FDCPA.  On a motion for partial summary judgment, the district court found that the law firm had filed a time-barred lawsuit against the plaintiff and continued to prosecute the lawsuit for several months after receiving information demonstrating that the lawsuit was time-barred.  The court also determined that the law firm had violated the FDCPA by including a claim for attorney's fees in its collection complaint when there was no evidence of a contract entitling it to such award and the forum state's law did not provide for attorney's fees.  The remaining issues proceeded to a jury trial; the jury entered a verdict in the plaintiff's

favor and awarded statutory damages, damages for emotional distress, and punitive damages.

On appeal, the Ninth Circuit held that the district court had not erred in granting summary judgment with respect to the attorney's fees issue. The defendant argued error based on the Sixth Circuit's opinion in *Harvey,* which held that no FDCPA violation occurs when a creditor files a valid debt collection action in court without having in its possession adequate proof of a claim. The Ninth Circuit distinguished *Harvey,* noting that "in contrast to *Harvey*, [the defendant's] collection action in this case was invalid because [the defendant] presented no admissible evidence establishing its entitlement to collect fees at the time of the summary judgment motion [in federal court] – not at the time it filed [the underlying collection] suit." 637 F.3d at 950. The defendant had attempted to provide evidence of a contract entitling it to attorney's fees, but the document was excluded by the trial court; on appeal, the defendant admitted the agreement it had submitted was not the plaintiff's. The defendant also attempted to argue that attorney's fees are permitted under all cardmember agreements. The district court and the Ninth Circuit, however, both concluded that this was inadequate to demonstrate a genuine issue of fact regarding the existence of an attorney's fees provision because it presented no admissible evidence of a contract authorizing a fee award.

### B. Mr. Vester's Claims of Error

#### 1. Factual Similarities

Mr. Vester argues that because *McCollough* and this case are similar on their facts, and *McCollough* resulted in a decision in favor of the debtor, the Court's factual findings and legal conclusions resulting in judgment in favor of AA are in error. This argument is unavailing.

As noted by AA, contrary to Mr. Vester's representations, there are numerous material

factual distinctions between the *McCollough* case and Mr. Vester's. Unlike *McCollough*, where it was determined the account was stale and the collector had notice of that fact but nonetheless continued to prosecute the suit, Mr. Vester here failed to carry his burden of proof to show that the underlying state collections lawsuit was time-barred or that AA had notice of any time-bar. Indeed, Mr. Vester did not prevail on a time-bar defense in the underlying state lawsuit.

In addition, unlike *McCollough*, AA presented evidence of the underlying credit card contract and it received representations regarding the validity of the debt accounts at the time it purchased the account portfolios in support of a *bona fide* error defense. The Court determined the facts and found them sufficient to support the defense. In contrast, in *McCollough*, neither the district court nor the Ninth Circuit made factual determinations based on conflicting evidence. Instead, based on undisputed facts, they determined that the defendant law firm was not entitled to a *bona fide* error defense.

Because Mr. Vester's case is distinguishable from the facts of *McCollough* in material respect, its determination is not dispositive in this case. Accordingly, Mr. Vester has not demonstrated that the Court's factual findings or legal conclusions were erroneous.

### 2. Disapproval of *Harvey*

Mr. Vester also argues that the Ninth Circuit in *McCollough* "reject[ed] the material provisions" of *Harvey*, a case this Court relied upon in determining whether the Tenth Circuit would recognize a cause of action under the FDCPA for a creditor's filing of an unfounded collections lawsuit. Pl.'s Mot., #**139**, at 1. Although the *McCollough* decision did not follow *Harvey*, it did so based upon a different set of facts. It made no comment on the validity of the analysis of *Harvey* or its conclusions; therefore, Mr. Vester has not shown any error in the

Court's analysis or reliance on *Harvey*.

### 3. Evidentiary Value of Credit Card Agreement

Mr. Vester appears to argue that, based on the "new law" presented in *McCollough*, he could prove a violation of the FDCPA based on AA's claim for attorney's fees in the underlying collections lawsuit.[1] Mr. Vester contends that *McCollough* stands for the proposition that "presentation of generic evidence that all credit cards contain attorney's fees provisions and variable interest rates, is insufficient to create a genuine issue for a fact finder. It follows that issues based on generic card agreements, must, as a matter of new law, be decided in Plaintiff's favor, either after a new trial or upon reconsideration of the judgment." Pl.'s Mot., **#139**, at 2.

Mr. Vester misapprehends the basis of the ruling in *McCollough*. There, the defendant presented no evidence of any credit card agreement with the plaintiff and attempted to argue, without evidence, that all such agreements were the same and that therefore, the plaintiff's agreement must contain an attorney's fees provision. In addition, the law of the forum state (Montana) prohibited recovery of attorney's fees for such actions.

Here, by contrast, AA produced evidence of the actual credit card agreement applying to the underlying accounts and did not rely on "generic evidence that all credit cards contain attorney's fees provisions." Those agreements, attached to the underlying state court complaint, contained a choice of law provision of New Hampshire and Nevada; in addition, at the time of the underlying lawsuits, Mr. Vester was a resident of Colorado. The state law of these three states all permit recovery of reasonable attorney's fees for a successful collector. Plaintiff did

---

[1] The FDCPA prohibits the collection of any amount, including attorney's fees, "unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692e(2)(B).

not establish that any other state's law should apply to the dispute; indeed, the Court expressly determined that Mr. Vester failed to offer other agreements which would specify the applicable law. Therefore, even if *McCollough* represented new law in this regard, it would be inapplicable to the facts of this case and provides no basis to reexamine the decision here.

### 4.     Misrepresentation

Next, Mr. Vester claims that the Court should reconsider its determination that Mr. Vester failed to carry his burden of proof with respect to his claim that AA made misrepresentations in the state collections action. Specifically, in the collections lawsuit, AA stated that it had provided its "books and records" to Mr. Vester. Mr. Vester now claims, without elaboration, that AA "did not physically provided the books and records . . . to Mr. Vester . . . to Mr. Mallory . . . [or] to the Plaintiff's counsel in discovery, and did not provide trustworthy [books and records] to this Court during the course of a two-day trial." Pl.'s Mot., #**139**, at 3.

This conclusory statement, without more, is insufficient to carry Mr. Vester's burden to demonstrate error. Mr. Vester also claims that the state court judge in the collections lawsuit relied on the alleged misrepresentation in the resolution of issues there. The Court's review of the portions of the record cited by Mr. Vester as support for this assertion does not reveal any such reliance. Again, Mr. Vester does not demonstrate any error or manifest injustice in the Court's determination of this issue.

### 5.     Damages

Finally, Mr. Vester requests an amended judgment or "a new trial on the issue of the total actual damages, costs and fees needed to eliminate abusive debt collection practices." Pl.'s

Mot., **#139**, at 2.  He appears to argue that because the plaintiff in *McCollough* was awarded emotional distress damages, he should similarly be granted the actual damages he claimed in these proceedings.  Given that the plaintiff in *McCollough* prevailed on his claims, while Mr. Vester did not, *McCollough* does not provide a basis to award Mr. Vester any damages.

Mr. Vester has not demonstrated that the Court's resolution of the issues presented in his lawsuit is in error.  **IT IS THEREFORE ORDERED** that

(1)   Plaintiff's Motion Under F.R.Civ.P. Rule 59(a)(1)(b) and Rule 59(a)(2) (#**139**) is **DENIED**.

Dated this 3rd day of October, 2011

**BY THE COURT:**

Marcia S. Krieger
United States District Judge